## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WISCONSIN
## MILWAUKEE DIVISION

**LAUREN MCLAUGHLIN**,

      Plaintiff,

  v.                              Case No. 26-CV-997

                                     Jury Trial Demanded

**FOND DU LAC SCHOOL DISTRICT** and
**BOARD OF EDUCATION OF THE FOND DU LAC SCHOOL
DISTRICT**,

      Defendants.

## COMPLAINT

Plaintiff Lauren McLaughlin, by and through her attorneys, Summer Murshid and Christine Donahoe of Hawks Quindel, S.C., hereby states her Complaint against Defendant

### Nature of the Action

This is a civil action for declaratory, injunctive, and monetary relief arising from Defendants' violation of the Pregnant Workers Fairness Act ("PWFA"), 42 U.S.C. §§ 2000gg to 2000gg-6, Title VII of the Civil Rights Act of 1964, as amended by the Pregnancy Discrimination Act ("Title VII"), 42 U.S.C. §§ 2000e et seq., and the Americans with Disabilities Act ("cADA"), 42 U.S.C. §§ 12101 et seq.

Plaintiff brings this action based on Defendants' failure to provide reasonable accommodations for her known limitations related to, affected by, or arising out of pregnancy and related medical conditions; Defendants' failure to provide reasonable accommodations for her disabilities; Defendants' discrimination against Plaintiff because of disability, pregnancy, childbirth, and related medical conditions; Defendants' decision to force or effectively force Plaintiff to take leave when reasonable accommodations could have been provided; and Defendants' adverse employment actions taken because of Plaintiff's disability, pregnancy-related limitations, and requests for assistance and accommodation.

## Jurisdiction and Venue

1. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this action arises under the laws of the United States, including the PWFA, Title VII, and the ADA.

2. This Court has jurisdiction to award declaratory and equitable relief under 28 U.S.C. §§ 2201 and 2202, 42 U.S.C. § 2000gg-2, 42 U.S.C. § 2000e-5(g), and 42 U.S.C. § 12117(a).

3. Venue is proper in the Eastern District of Wisconsin under 28 U.S.C. § 1391(b) because Defendants reside in this District and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in Fond du Lac County, Wisconsin.

## Parties

4. Plaintiff Lauren McLaughlin is an adult resident of Fond du Lac County, Wisconsin.

5. Defendant Fond du Lac School District is a public school district organized under Wisconsin law with its principal place of business at 72 West Ninth Street, Fond du Lac, Wisconsin 54935.

6. Defendant Board of Education of the Fond du Lac School District is the governing body of the Fond du Lac School District and may be served at 72 West Ninth Street, Fond du Lac, Wisconsin 54935.

7. At all relevant times, Defendants were employers and covered entities within the meaning of the PWFA, Title VII, and the ADA.

8. At all relevant times, Plaintiff had disabilities within the meaning of the ADA, including ADHD and anxiety, which substantially limited one or more major life activities, including concentrating, thinking, working, and managing executive functioning.

## Administrative Prerequisites

9. Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission alleging pregnancy-based sex discrimination, retaliation, disability discrimination, and, among other things, a violation of the PWFA against the Fond du Lac School District.

10.     The allegations in this Complaint are within the scope of the administrative charge and the investigation that could reasonably be expected to grow out of that charge.

11.     The EEOC issued Plaintiff a Notice of Right to Sue, and Plaintiff has brought this action within the time permitted by law.

12.     Plaintiff has satisfied all administrative prerequisites to this action.

## Factual Allegations

13.     The Board employed Plaintiff from the 2018-19 school year through the 2023-24 school year as a full-time special education teacher at Fond du Lac High School.

14.     Plaintiff had successfully performed her job for years and received an overall rating of "Effective" on her most recent summative evaluation.

15.     Plaintiff was diagnosed with ADHD on September 21, 2021.

16.     Plaintiff disclosed her ADHD diagnosis to the District's then-Human Resources Director in writing in October 2021.

17.     On August 3, 2023, Plaintiff's direct supervisor, Assistant Principal Paula Suemnicht, informed Plaintiff that her assignment would materially change for the 2023-24 school year.

18.     Instead of continuing in the special education resource classes she had taught for the prior several years, Plaintiff was assigned to co-teach

geometry, take on a new caseload, and manage materially increased case-management and instructional responsibilities.

19.     Plaintiff's workload increased substantially. She was expected to provide specially designed instruction to multiple students with IEPs in co-taught geometry classes, take on a new caseload that increased during the semester, and perform those duties with reduced preparation time.

20.     Plaintiff also lost prep time because she was assigned duties during one of her prep periods and additional meetings or professional development sessions consumed portions of the time that remained.

21.     Plaintiff was required to share office space with other teachers, making it more difficult to limit distractions.

22.     In or around August 2023, Plaintiff learned she was pregnant.

23.     Because of her pregnancy, Plaintiff's physician directed her to stop taking the medication she had been using to manage her ADHD.

24.     During the week of August 21, 2023, Plaintiff informed Assistant Principal Suemnicht that she was pregnant and unable to take her ADHD medication because of the pregnancy.

25.     Plaintiff's inability to take her ADHD medication during pregnancy caused or materially contributed to limitations at work, including difficulty concentrating, executive dysfunction, working-memory issues, inattentiveness, and increased anxiety.

26. Those limitations were related to, affected by, or arising out of pregnancy, childbirth, or related medical conditions within the meaning of the PWFA and were also pregnancy-related conditions protected under Title VII as amended by the Pregnancy Discrimination Act.

27. Plaintiff sought help from District administrators as she struggled to manage the increased workload while pregnant and unmedicated.

28. During the first semester of the 2023-24 school year, Plaintiff asked Suemnicht for help with the IEP process.

29. On December 22, 2023, Plaintiff sought help from Principal Dave Michalkiewicz and explained that she was struggling with more co-taught classes, an increased caseload, and limited prep time that did not allow her to balance planning instruction and case management.

30. Plaintiff requested more flexibility with her schedule and relief that would allow her to meet both instructional and case-management duties.

31. On January 31, 2024, Plaintiff met with program support coach Jen Dean-Kaiser and explained that she was pregnant and therefore unable to take her ADHD medication, which caused her to struggle with her workload.

32. Plaintiff's communications to Defendants were sufficient to inform them that she had disability-related and pregnancy-related limitations and needed changes or adjustments at work.

33. Defendants knew or should have known that Plaintiff needed a reasonable accommodation and that she was experiencing work-related difficulties because of ADHD, anxiety, pregnancy, and related medical conditions.

34. Reasonable accommodations were available and would have enabled Plaintiff to continue working. Those accommodations included, by way of example, modifying Plaintiff's co-teaching duties, increasing or restoring planning time, adjusting scheduling, assisting with IEP paperwork or case-management tasks, temporarily modifying nonessential functions, temporarily reassigning certain tasks, providing a quieter or less distracting workspace, or another effective accommodation identified through the interactive process.

35. Defendants failed to engage in the interactive process in good faith.

36. Defendants failed to provide temporary relief from essential job functions.

37. Defendants failed to identify and provide a reasonable accommodation for Plaintiff's known limitations.

38. Instead, Defendants left Plaintiff to manage a materially increased workload without meaningful support while she was pregnant and unable to take her medication.

39. Plaintiff's condition worsened as a result.

40. Plaintiff experienced worsening ADHD symptoms, anxiety, and uterine contractions.

41. Plaintiff and her physician determined that she required a leave of absence because it had become unsafe for her to continue working for the remainder of her pregnancy under those conditions.

42. On February 16, 2024, Plaintiff requested leave from the District with a physician certification reflecting that she was struggling at work with stress, anxiety, and uterine contractions and would be unable to return until after postpartum recovery.

43. The District approved Plaintiff's leave on February 19, 2024.

44. Plaintiff was forced or effectively forced to take leave because Defendants failed to provide reasonable accommodations that would have allowed her to continue working safely during pregnancy and failed to provide reasonable accommodations for her disabilities.

45. Even though Defendants knew Plaintiff had taken leave because of disability-related and pregnancy-related limitations, Defendants' Human Resources Director, Marisa Lombardo, summoned Plaintiff to discuss alleged performance concerns shortly after Plaintiff's leave began.

46. Plaintiff explained that she needed to avoid work-related stress and anxiety because those conditions had already become harmful to her pregnancy and had led her to take leave.

47. Plaintiff stated that she would address the matter upon returning from leave.

48. Lombardo did not object to waiting until Plaintiff returned from leave.

49. Plaintiff gave birth on April 6, 2024.

50. While Plaintiff remained on leave and immediately after childbirth, Defendants initiated and carried out the nonrenewal of Plaintiff's employment.

51. Plaintiff later learned that a preliminary notice of nonrenewal had been dated April 9, 2024, just three days after she gave birth.

52. Plaintiff did not receive the preliminary notice in time to request a conference before the Board and did not have a meaningful opportunity to respond before final nonrenewal.

53. On May 6, 2024, Plaintiff received final notice that her teaching contract had been nonrenewed.

54. Defendants also reported Plaintiff to the Wisconsin Department of Public Instruction for alleged incompetence.

55. When Plaintiff attempted to return to work after her leave, Defendants directed her to go home, placed her on paid administrative leave, and then issued discipline after the nonrenewal decision had been made.

56. Defendants denied Plaintiff employment opportunities and took adverse actions against her because of her known disability-related and

pregnancy-related limitations, because she requested workplace adjustments and assistance, because she needed reasonable accommodations, and/or because she used leave after reasonable accommodations were not provided.

57. Defendants treated Plaintiff adversely after she became pregnant, disclosed pregnancy-related limitations, disclosed disability-related limitations, sought help in performing her job, and took medically necessary leave.

58. Defendants' stated reasons for their actions were not the true reasons, were insufficient to justify their conduct, and/or were used as a pretext to mask unlawful discrimination and retaliation.

### Count I
### Violation of the Pregnant Workers Fairness Act
### 42 U.S.C. §§ 2000gg to 2000gg-6

59. Plaintiff realleges and incorporates by reference paragraphs 1 through 58 as though fully set forth herein.

60. Plaintiff was a qualified employee within the meaning of the PWFA because she could perform the essential functions of her job with reasonable accommodation.

61. Alternatively, to the extent Plaintiff was temporarily unable to perform one or more essential functions during pregnancy, any such inability was temporary, could have been reasonably accommodated, and Plaintiff could perform the essential functions in the near future, including after childbirth and postpartum recovery.

62. Plaintiff had known limitations related to, affected by, or arising out of pregnancy, childbirth, or related medical conditions.

63. Defendants knew of Plaintiff's pregnancy-related limitations.

64. Defendants failed to make reasonable accommodations for Plaintiff's known limitations, even though reasonable accommodations were available and would not have imposed an undue hardship.

65. Defendants failed to engage in the interactive process required to identify an effective reasonable accommodation.

66. Defendants required or effectively required Plaintiff to take leave even though another reasonable accommodation could have been provided.

67. Defendants denied employment opportunities to Plaintiff because of the need to make reasonable accommodations for her known pregnancy-related limitations.

68. Defendants took adverse action against Plaintiff because she requested or needed reasonable accommodation for known pregnancy-related limitations and/or because she used leave after reasonable accommodations were not provided.

69. Defendants' conduct violated the Pregnant Workers Fairness Act, 42 U.S.C. § 2000gg-1.

70. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered lost wages, lost benefits, loss of professional

and employment opportunities, emotional distress, humiliation, inconvenience, and other compensable damages.

71.     Defendants acted intentionally, willfully, and/or with reckless disregard of Plaintiff's federally protected rights.

**Count II**
**Sex Discrimination in Violation of Title VII, as Amended by the**
**Pregnancy Discrimination Act**
**42 U.S.C. §§ 2000e et seq.**

72.     Plaintiff realleges and incorporates by reference paragraphs 1 through 58 as though fully set forth herein.

73.     Title VII prohibits discrimination because of sex. Under 42 U.S.C. § 2000e(k), discrimination because of sex includes discrimination because of or on the basis of pregnancy, childbirth, or related medical conditions.

74.     Plaintiff was pregnant and affected by pregnancy, childbirth, and related medical conditions.

75.     Defendants subjected Plaintiff to adverse employment actions, including but not limited to forcing or effectively forcing her onto leave, initiating and carrying out her nonrenewal while she was on pregnancy-related leave and had just given birth, reporting her for alleged incompetence, placing her on administrative leave upon her attempted return, and issuing discipline.

76.     Plaintiff's pregnancy, childbirth, and related medical conditions were motivating factors in Defendants' decisions and conduct.

77. Defendants treated Plaintiff less favorably because of pregnancy, childbirth, and related medical conditions, in violation of Title VII.

78. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered lost wages, lost benefits, loss of professional and employment opportunities, emotional distress, humiliation, inconvenience, and other compensable damages.

79. Defendants acted intentionally, willfully, and/or with reckless disregard of Plaintiff's federally protected rights.

**Count III**
**Retaliation in Violation of Title VII**
**42 U.S.C. § 2000e-3(a)**

80. Plaintiff realleges and incorporates by reference paragraphs 1 through 58 as though fully set forth herein.

81. Plaintiff engaged in protected activity by opposing conduct she reasonably believed to be unlawful and by requesting workplace changes, assistance, and accommodation related to pregnancy and related medical conditions.

82. Plaintiff also engaged in protected activity by communicating that work-related stress and anxiety had become harmful to her pregnancy, declining to participate in a meeting that threatened to exacerbate those conditions while she was on leave, and pursuing administrative remedies.

83. After Plaintiff engaged in protected activity, Defendants subjected her to materially adverse actions, including pressing performance allegations while she was on leave, initiating and carrying out nonrenewal, reporting her to DPI, placing her on administrative leave, and issuing discipline.

84. There is a causal connection between Plaintiff's protected activity and Defendants' materially adverse actions.

85. Defendants retaliated against Plaintiff because she engaged in protected activity, in violation of Title VII.

86. As a direct and proximate result of Defendants' unlawful retaliation, Plaintiff has suffered lost wages, lost benefits, loss of professional and employment opportunities, emotional distress, humiliation, inconvenience, and other compensable damages.

87. Defendants acted intentionally, willfully, and/or with reckless disregard of Plaintiff's federally protected rights.

**Count IV**
**Disability Discrimination and Failure to Accommodate**
**in Violation of the ADA**
**42 U.S.C. §§ 12101 et seq.**

88. Plaintiff realleges and incorporates by reference paragraphs 1 through 58 as though fully set forth herein.

89. Plaintiff was a qualified individual with disabilities within the meaning of the ADA, including ADHD and anxiety.

90. Plaintiff could perform the essential functions of her position with reasonable accommodation.

91. Defendants knew of Plaintiff's disabilities and of her need for accommodation.

92. Defendants failed to reasonably accommodate Plaintiff's disabilities, including by failing to engage in the interactive process and failing to provide adjustments that would have enabled Plaintiff to perform her job.

93. Defendants also discriminated against Plaintiff because of her disabilities by subjecting her to adverse employment actions, including nonrenewal, reporting her for alleged incompetence, placing her on administrative leave, and issuing discipline.

94. Defendants' conduct violated the ADA, including 42 U.S.C. § 12112.

95. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered lost wages, lost benefits, loss of professional and employment opportunities, emotional distress, humiliation, inconvenience, and other compensable damages.

96. Defendants acted intentionally, willfully, and/or with reckless disregard of Plaintiff's federally protected rights.

## Prayer for Relief

WHEREFORE, Plaintiff requests judgment in her favor and against Defendants and asks that the Court:

1. Declare that Defendants violated the Pregnant Workers Fairness Act, Title VII of the Civil Rights Act of 1964, as amended, and the Americans with Disabilities Act;

2. Enjoin Defendants from engaging in further unlawful employment practices;

3. Order reinstatement or, if reinstatement is not feasible, award front pay;

4. Award back pay, lost benefits, and all other make-whole relief available by law;

5. Award compensatory damages in an amount to be determined at trial;

6. Award punitive damages to the extent permitted by law;

7. Award Plaintiff her reasonable attorney's fees, expenses, and costs;

8. Award pre-judgment and post-judgment interest as permitted by law; and

9. Grant such other and further relief as the Court deems just and proper.

## Jury Demand

Plaintiff demands a trial by jury on all issues so triable.

Dated: June 4, 2026.

Respectfully submitted,

*s/ Summer H. Murshid*
Summer H. Murshid SBN 1075404
*Attorney for Plaintiff*

**Hawks Quindel, S.C.**
5150 N. Port Washington Road
Suite 243
Milwaukee, WI 53217
Telephone: (414) 271-8650
Fax: (414) 207-6079
Email(s):     smurshid@hq-law.com